IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALL WEATHER EXTERIORS DISTRIBUTING, INC., <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br> CALIFORNIA WHOLESALE MATERIAL SUPPLY, INC. ET AL. <br><br> Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS <br><br><br><br><br> Case No. 2:06-CV-346 TS |

This matter comes before the Court on Defendants Stockton, Fortifiber, and Swanson's,

Motions to Dismiss,[1] Defendant CALPLY's Motion for Judgment on the Pleadings,[2] Defendant

---

[1]Docket Nos. 30, 33, and 35, respectively.  Defendant LKL joins in the Motion. Defendant L & W Supply ("Capitol") also seeks to join in the Motion.  This is technically improper under Fed. R. Civ. P. 12(b) because Capitol has already filed its Answer.  However, "motions raising any of these matters [e.g. failure to state a claim] may be considered by the court even when interposed after the responsive pleading has been filed, although technically they no longer are Rule 12(b) motions."  5C Wright & Miller, *Federal Practice and Procedure*, § 1361; *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (such a motion should "generally be treated as a motion for judgment on the pleadings").  The Court, therefore, only considers Defendant Capitol's motion as one for judgment on the pleadings, as discussed in footnote two, below.  However, as further discussed below, this does not have practical effect on the Court's ultimate determination.

[2]Docket No. 45.  Defendant Capitol joins in the Motion.  Defendant LKL seeks to join in the Motion.  This is improper under Fed. R. Civ. P. 12(c) because Defendant LKL has not

1

LKL's Motion for Rule 11 Sanctions[3] and Motion for Summary Judgment,[4] and Plaintiff's Rule

56(f) Motion.[5]  The Court heard oral argument on these Motions on January 16, 2006, and took

them under advisement.  The Court now issues the following ruling.

## I.  BACKGROUND

Plaintiff is a regional distributor of "Sto" brand exterior cladding products, such as

stucco, for homes.  Defendants are regional distributors and suppliers of competing products.

More specifically, the named distributors include Defendants California Wholesale Material

("CALPLY"), Capitol, LKL, and Swanson (collectively "Distributor Defendants"), and the

suppliers include Fortifiber and Stockton (collectively "Supplier Defendants").  Plaintiff alleges

that the Distributor Defendants contracted, combined, and conspired to use their collective

market power to gain agreements or understandings with the Defendant Suppliers to refuse to

sell, or to sell for unfair prices, to Plaintiff accessory materials necessary for the competitive sale

of Plaintiff's products in the Utah area.  Plaintiff alleges that, as a result of this, it has been

unable to effectively distribute its products in the Utah market.

Plaintiff's Complaint asserts that the Distributor Defendants hold a ninety-six percent

collective market share of exterior cladding products sold in the Utah market, and that the

Distributor Defendants purchase over fifty percent of accessory materials supplied by the

---

answered the Complaint.  The Court will therefore only consider LKL as having joined in the
Motions to Dismiss discussed in footnote one.  However, this does not have practical effect on
the Court's ultimate determination, as discussed in more detail below.

[3]Docket No. 48.

[4]Docket No. 8.

[5]Docket No. 37.  Defendants CALPLY and Capitol have answered the Complaint.

Supplier Defendants.  Plaintiff further alleges that these circumstances have allowed the

Defendant Distributors to pressure the Supplier Defendants into refusing Plaintiff access to

accessory materials.

　　　　Plaintiff brings various statutory causes of action against Defendants, including: antitrust

claims under Section 1 of the Sherman Act[6] and the Utah Antitrust Act;[7] price discrimination

claims under the Robinson-Patman Act[8] and Utah Unfair Practices Act;[9] and a tort claim of

intentional interference with existing and prospective economic relations.

## II.  DISCUSSION

### A.  Motions to Dismiss and Motion for Judgment on the Pleadings

　　　　The various Defendants move for dismissal of, or judgment on, all of Plaintiff's claims.

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as

distinguished from conclusory allegations, are accepted as true and viewed in the light most

favorable to the nonmoving party.[10]   A Rule 12(b)(6) motion to dismiss may be granted only if it

appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling it to relief

under its theory of recovery.[11]   All well-pleaded factual allegations in the amended complaint are

---

[6] 15 U.S.C. § 1.

[7] Utah Code Ann. § 76-10-914.

[8] 15 U.S.C. § 13.

[9] Utah Code Ann. § 13-5-14.

[10] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[11] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

accepted as true and viewed in the light most favorable to the nonmoving party.[12]  But, the court

"need not accept conclusory allegations without supporting factual averments."[13]  "The court's

function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might

present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a

claim for which relief may be granted."[14]  A motion for judgment on the pleadings applies the

same standard as a 12(b)(6) motion to dismiss.[15]

Defendants Stockton, Fortifiber, Swanson, and CALPLY, while filing separate

memoranda, make essentially the same legal arguments, asserting that either Plaintiff has failed

to state a claim, or that they are entitled to judgment on the pleadings, as to Plaintiff's (1)

Sherman Act claim, (2) Robinson-Patman Act claim, (3) state statute claims, and (4) claim of

intentional interference with existing and prospective economic relations.  Plaintiff, in response

to the Defendants' Motions to Dismiss, has filed a single memorandum.  Plaintiff has filed a

separate, but substantially similar, memorandum in response to CALPLY's Motion for Judgment

on the Pleadings.  The Court, therefore, collectively addresses Defendants' arguments in turn, as

they relate to the relevant legal issues.

---

[12]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[14]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[15]*Jacobsen*, 287 F.3d at 941 n.2.

1.  The Sherman Act Antitrust Claim

Defendants allege that Plaintiff has only cited conclusory allegations in its Complaint, not sufficient well-pled facts, to support its cause of action under the Sherman Act.  Defendants specifically allege that Plaintiff does not allege facts to support a *per se* violation of Section 1 of the Sherman Act.[16]

A violation of Section 1 of the Sherman Act requires proof of  "a contract, combination or conspiracy that unreasonably restrains trade in the relevant market."[17]  If established, such a conspiracy is only illegal if it (i) "constitutes a *per se* violation of the statute" or (ii) has the purpose or effect [of] creat[ing] an unreasonable restraint of trade.[18]  "To establish that a group boycott is *per se* illegal 'there must be an agreement among conspirators whose market positions are horizontal to each other.'"[19]

"Although the modern pleading requirements are quite liberal, a plaintiff must do more than cite relevant antitrust language to state a claim for relief. . . . A plaintiff must allege sufficient facts to support a cause of action under the antitrust laws.  Conclusory allegations that defendant violated those laws are insufficient."[20]  Importantly,

---

[16]Defendants also argue other bases upon which Plaintiff's antitrust claim may not proceed.  However, the Court does not address these arguments as Plaintiff's Complaint and subsequent memoranda assert only a *per se* violation of the statute due to a horizontal boycott.

[17]*TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027 (10th Cir. 1992).

[18]*Id*.

[19]*Westman Comm'n Co. v. Hobart Int'l, Inc.*, 796 F.2d 1216, 1224 n.1 (10th Cir. 1986).

[20]*TV Commc'ns Network*, 964 F.2d at 1025.

the heavy costs of modern federal litigation, especially antitrust litigation, and the mounting caseload pressures on federal courts, counsel against launching the parties into pretrial discovery if there is no reasonable prospect that the plaintiff can make out a cause of action from the events narrated in the complaint.  As a result, courts may require some minimal and reasonable particularity in pleading before they allow an antitrust action to proceed.[21]

Defendants first argue that Plaintiff has pled no facts that, if true, would establish an agreement or conspiracy between them.  Defendants cite the Tenth Circuit case of *TV Communications Network, Inc., v. Turner Network Television, Inc*.,[22] and assert that allegations such as Plaintiff's are "bare bones statements of conspiracy . . . without any supporting facts."[23] In response to this argument, Plaintiff emphasizes the there is no particularized standard of pleading for antitrust actions, and that Defendants have notice of Plaintiff's claims, which is sufficient under modern standards of notice pleading.

The Court agrees with Defendants.  The court in *TV Communications* discussed the concept of conspiracy to monopolize under Section 2 of the Sherman Act.[24]  The Plaintiff in *TV Communications* alleged that a specific group of previously named distributor defendants conspired to preclude a specific supplier from supplying Plaintiff a specific product.[25]  The Tenth Circuit, in upholding the dismissal of plaintiff's amended complaint, stated that the complaint

---

[21]*Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 n.2 (10th Cir. 1989).

[22]964 F.2d at 1026.

[23]*Id.*

[24]Section 2, while requiring a plaintiff to plead some different elements than Section 1, is identical to Section 1 in that it also requires the existence of a conspiracy.

[25]*TV Commc'ns Network*, 964 F.2d at 1023-24.

6

"alleges only that [a defendant] conspired with other defendants.  [Plaintiff] provides *no facts* in support of its claim that [the defendant] conspired."[26]

As the Plaintiffs in the *TV Communications* case, Plaintiff here makes only conclusory allegations, but sets forth no supporting facts from which the Court could infer a conspiracy. While Plaintiff alleges certain facts regarding the relationship between Defendant CALPLY and Fortifiber, and CALPLY and Stockton, the Court notes no facts which, if true, would demonstrate any type of horizontal conspiracy between the Distributor Defendants, or which could establish a conspiratorial relationship between the Distributor Defendants (except for CALPLY) and the Supplier Defendants.  Plaintiff's Complaint only sets forth facts supporting the conclusion that the Supplier Defendants independently excluded Plaintiff in response to CALPLY's requests.  Importantly, "a manufacturer's exclusion of a buyer-distributor in response to another buyer-distributor's complaints is insufficient as a matter of law to establish conspiracy."[27]

Based on the foregoing, the Court finds that there is no reasonable prospect here that Plaintiff can make out an antitrust cause of action from the events narrated in its Complaint. Significantly, Plaintiff, though well aware of Defendants' arguments, has not sought to amend its Complaint to include facts which would support a conspiracy, and the Court is doubtful that Plaintiff can do so.  Therefore, the Court sees no point in launching the parties into pretrial discovery for facts relating to Plaintiff's antitrust claim.  The Court will, therefore, grant the various Motions to Dismiss this claim without prejudice.

---

[26] *Id.* at 1026.

[27] *Abraham v. Intermountain Health Care, Inc.*, 461 F.3d 1249, 1259 (10th Cir. 2006).

The Court will also grant Defendant CALPLY's Motion for Judgment on the Pleadings without prejudice.  The Court notes that it does so for several reasons.  Defendants CALPLY and Capitol are entitled to judgment on the pleadings under the Rule 12(b)(6) standard.  However, unlike a Rule 12(b) motion to dismiss, which is directed solely towards procedural defects and not the substantive merits, a motion for judgment on the pleadings under Rule 12(c) is directed towards a determination of the substantive merits of a controversy.[28]  The Court declines to render a judgment that will conclusively determine the substantive merits of this action.  Moreover, such a judgment would not result in parity between Defendants CALPLY and Capitol, and the other Defendants whose motions to dismiss are being granted without prejudice.  In sum, the Court's ruling functionally dismisses the case against all Defendants without prejudice.

Accordingly, the Court need not address Defendants' other bases for dismissal or judgment on the pleadings, including the issues of whether Plaintiff has sufficiently set forth facts and law to support a horizontal boycott, or whether Plaintiff establishes only a vertical restraint.

 2.  The Robinson-Patman Act Claim

Defendants collectively assert that Plaintiff fails to state a price discrimination claim. Defendants, citing *Black Gold Ltd. v. Rockwood Indus., Inc.*,[29] argue that to state a price discrimination claim under the Robinson-Patman Act, Plaintiff must allege two purchases, one of which must be by the Plaintiff directly from a Defendant allegedly engaged in price

---

[28] 5C Wright & Miller, *Federal Practice & Procedure*, § 1369.

[29] 729 F.2d 676, 682-83 (10th Cir. 1984).

discrimination.  Plaintiff does not contest Defendants' assertion, but rather, contends that its

allegations fit within an exception known as the indirect purchaser doctrine.

The indirect purchaser doctrine prevents a discriminating seller from using the ruse of a

"dummy" wholesaler or distributor to evade the price discrimination provisions of the Robinson-

Patman Act.[30]  Under the doctrine,

> [i]f a seller can control the terms upon which a buyer once removed may purchase
> the seller's product from the seller's immediate buyer, the buyer once removed is
> for all practical, economic purposes dealing directly with the seller.  If the seller
> controls the sale, he is responsible for the discrimination in the sale price, if there
> is such discrimination.[31]

In the context of a motion to dismiss, courts will dismiss indirect purchaser claims under

the Robinson-Patman Act where plaintiffs fail to allege that a defendant can set or control a

distributor's resale price or fail to allege facts that would support an inference that a defendant

exercises control of a "dummy" distributor.[32]  Plaintiff here has not alleged control of Distributor

Defendants by Supplier Defendants.  The Court will therefore grant Defendants' Motions to

Dismiss and CALPLY's Motion for Judgment on the Pleadings without prejudice as to

Plaintiff's price discrimination claim.

   3.  State Statutory Claims

All parties appear to stipulate that Plaintiff's Sherman Act and Robinson-Patman Act

claims parallel its Utah Antitrust Act and Utah Unfair Practices Act claims, respectively.

---

[30]*See, e.g.*, *American News Co. v. F.T.C.*, 300 F.2d 104, 109 (2d Cir. 1962).

[31]*Purolator Products, Inv. v. F.T.C.*, 352 F.2d 874, 883 (7th Cir. 1965).

[32]*See, e.g., Barnosky Oils, Inc. v. Union Oil Co. of Calif.*, 665 F.2d 74, 84 (6th Cir. 1981);
*Chatham Brass Co. v. Honeywell, Inc.*, 512 F.Supp. 108, 115 (S.D.N.Y. 1981); *Merck & Co. v.
Bronx Drug Co.*, No. 63 Civ. 2016, 1963 U.S.Dist. LEXIS 9976, at *3-4 (S.D.N.Y. Nov. 13,
1963).

Defendants support this proposition with statutory and case citations.[33]  Therefore, the Court will

grant Defendants' Motions to Dismiss and CALPLY's Motion for Judgment on the Pleadings

without prejudice as to Plaintiff's claims under the Utah Antitrust Act and Utah Unfair Practices

Act.

        4.  Intentional Interference with Existing and Prospective Economic Relations

        Because the Court has dismissed Plaintiff's federal law claims, the Court declines to

exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §

1367(c)(3).  Accordingly, the Court need not address Defendants' other arguments as to whether

Plaintiff has properly stated a claim for intentional interference with existing and prospective

economic relations.

        *B.  Motion for Rule 11 Sanctions*

        Defendant LKL has moved for Rule 11 sanctions against Plaintiff.  LKL argues that it has

never directly purchased from any of the Supplier Defendants.  LKL also argues that, even if it

had a six percent market share of the accessory products, as alleged, Plaintiff, by asserting that it

has a four percent market share, renders LKL's position essentially no better to influence any

supplier than Plaintiff's.  LKL also argues that it has only limited contacts with the other

Distributor Defendants, and has had no discussions regarding to whom the suppliers may or may

not sell their products.  LKL argues that Plaintiff's complaint is frivolous, and that Plaintiff's

---

[33]*See, e.g.*, Utah Code Ann. § 76-10-926 ("The legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes."); *Rio Vista Oil, Ltd. v. Southland Corp*., 667 F.Supp. 757, 762 (D.Utah 1987) ("It is worth noting that generally Utah antitrust laws are to be construed in harmony with the federal antitrust scheme."); *Belliston v. Texaco, Inc.*, 521 P.2d 379, 380 (Utah 1974) (the pleading and proof requirements for a Robinson-Patman Act violation are substantively so similar to the requirements of the price discrimination prohibitions of the Utah Unfair Practices Act that a determination of the federal claim would be res judicata on the state claim.).

counsel failed to conduct reasonable inquiry into the facts, and improperly signed a pleading that set forth allegations with no evidentiary support.

In opposing LKL's Motion, Plaintiff argues that none of the grounds asserted by LKL, in and of themselves, conclusively demonstrate that Plaintiff's claims cannot succeed.

"Rule 11 imposes an obligation on the signer of a pleading to conduct a reasonable inquiry into whether the pleading is legally frivolous or factually unsupported."[34]  "Rule 11 mandates sanctions against attorneys and/or their clients when pleadings, motions, or other signed papers in the district court are not well grounded in fact, are not warranted by existing law or good faith argument for its extension, or are filed for an improper purpose."[35]

The Court finds that Plaintiff's claims themselves are warranted by existing law, and that there is no evidence that Plaintiff has filed for an improper purpose.  Although the Court will grant the Motions to Dismiss and Motion for Judgment on the Pleadings, the Court does so without prejudice, and finds that Plaintiff's Complaint is not so lacking in facts as to merit sanctions.  Accordingly, the Court will deny LKL's Motion.

C. *Rule 56(f) Motion*

Plaintiff has filed a Rule 56(f) Motion in response to a Motion for Summary Judgment by Defendant LKL.  Because the Court will dismiss all claims against Defendant LKL, Defendant LKL's Motion for Summary Judgment and Plaintiff's Rule 56(f) Motion are moot.

---

[34]*Monument Builders of Greater Kansas City, Inc.*, 891 F.2d 1473, 1484-85 (10th Cir. 1989).

[35]*Id.*

III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 30, 33, and 35) are GRANTED WITHOUT PREJUDICE as to Defendants Stockton, Fortifiber, and Swanson.  It is further

ORDERED that Defendant CALPLY's Motion for Judgment on the Pleadings (Docket No. 45), with which Defendant Capitol joins, is GRANTED WITHOUT PREJUDICE.  It is further

ORDERED that Defendant LKL's Motion for Rule 11 Sanctions (Docket No. 48) is DENIED.  It is further

ORDERED that Defendant LKL's Motion for Summary Judgment (Docket No. 8) and Plaintiff's Rule 56(f) Motion (Docket No. 37) are DENIED AS MOOT.

DATED   February 6, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge